# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND BAPTIST,<br>Plaintiff,<br>v.<br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, *et al.*,<br>Defendants. | Case No. 1:26-cv-04637-BAM (PC)<br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br>FINDINGS AND RECOMMENDATIONS REGARDNG DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM AND DENIAL OF MOTION FOR INJUNCTIVE RELIEF<br>(ECF Nos. 12, 13)<br>**FOURTEEN (14) DAY DEADLINE** |

## FINDINGS AND RECOMMENDATIONS

### I. Introduction

Plaintiff Raymond Baptist ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On July 16, 2026, the Court screened Plaintiff's complaint and granted him leave to amend. (ECF No. 10.) On August 18, 2026, Plaintiff filed a first amended complaint and a motion for injunctive relief. (ECF Nos. 12, 13.) Plaintiff's first amended complaint is currently before the Court for screening. (ECF No. 12.)

///

## II. Failure to State a Claim

### A. Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.,* 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

### B. Plaintiff's Allegations

Plaintiff is currently housed at California State Prison, Corcoran. The events in the amended complaint are alleged to have occurred at Corcoran State Prison, Valley State Prison, and Folsom State Prison. Plaintiff names the following defendants: (1) John/Jane Doe, Warden, Corcoran State Prison; (2) John/Jane Doe, Warden, Valley State Prison; and (3) John/Jane Doe, Warden, Folsom State Prison.

In Claim 1, Plaintiff asserts a violation of his right to medical care. Plaintiff alleges:

Doctor Ersno Eromo performed a surgery on Plaintiff's back. Plaintiff is still experiencing back pain that is excruciating at all times no matter what Plaintiff is doing. These defendants know that. Plaintiff even informed Dr. Eromo about the pain prior to coming to prison. It is documented on 04/13/2024 that Plaintiff received a caudal epidural steroid injection by Synovation Medical Group. The injection relieved Plaintiff's pain completely. Plaintiff was on the streets or not incarcerated at that time. Plaintiff came to state prison on March 7, 2025, at Wasco State Prison. Plaintiff told prison medical doctors about the caudal epidural steroid injection and that it cured the pain Plaintiff experienced in his back. Plaintiff mentioned it to the Appeal Coordinators and Chief Inmate Appeal in Sacramento, California, when Plaintiff filed a grievance against the defendants, giving them the copy of the letter Plaintiff had from Synovation. To this day, Plaintiff has not received one caudal epidural steroid injection or therapeutic injection since being in prison. Plaintiff has been asking for medical help for 1 year and 4 months. In January 2025, Plaintiff was prescribed pain pills at Wasco State Prison that did not work. In March of 2025, Plaintiff was given only pain pills that did not work at Folsom State Prison. On June 29, 2026, at Corcoran State Prison, Dr. Thomas Wafner told Plaintiff to cross his legs and lift his hip for back pain relief. That did not help. He also prescribed ointment.

In Claim 2, Plaintiff asserts a claim for medical malpractice. Plaintiff alleges: In July of 2025, Plaintiff was told by Dr. James Mathur to exercise before he would give Plaintiff an injection. Dr. Mathur never gave Plaintiff an injection.

In Claim 3, Plaintiff asserts a claim for retaliation. Plaintiff alleges: On February 19, 2026, at Chowchilla State Prison or Valley State Prison, Dr. Mathur took Plaintiff's walking cane because Plaintiff did a 602 Appeal on him. When one's cane is taken from him, the vest that he wears associated with it is also taken. Plaintiff got sent to Corcoran State Prison and that is where Dr. Mathur had medical or correction employee take the yellow vest away that says medically impaired. The reason that Plaintiff knows that the doctor did it is because other inmates have bright reflective yellow vests that don't have walking canes.

In Claim 4, Plaintiff asserts a claim for discrimination. Plaintiff alleges: At Valley State Prison, Plaintiff had to go through the work exchange for education. Plaintiff had to get naked,

but it wasn't supposed to happen. It happened because of racism. Prison rules mandate that if a prisoner uses a wheelchair, he does not have to get naked going through work exchange. Plaintiff made them aware of the denial of medical treatment for his back. They all saw him and his disability, due to the pain he is enduring to this date. It is Dr. Mathur's fault for not giving Plaintiff access to a wheelchair that he knows Plaintiff needs.

As relief, Plaintiff seeks compensatory and punitive damages, along with injunctive relief.

**C. Discussion**

Plaintiff's complaint fails to comply with Federal Rules of Civil Procedure 8,10, 18, and 20 and fails to state a cognizable claim for relief against the named defendants.

**Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–557.

Plaintiff's amended complaint is short, but it is not a plain statement of his claims. The factual statements in Plaintiff's claims are sparse and disjointed, making it difficult for the Court to ascertain what happened and who was involved. Plaintiff's amended complaint fails to state clearly and concisely what happened, when it happened, and who was involved.

**Federal Rule of Civil Procedure 10**

As with his original complaint, Plaintiff's amended complaint does not have a caption that contains the names of the medical defendants discussed in the body of the complaint, in violation of Rule 10(a). *See* Fed. R. Civ. P. 10(a) (Rule 10(a) requires that plaintiffs include the names of all parties in the caption of the complaint). Rule 10 of the Federal Rules of Civil Procedure requires, among other things, that a complaint (a) state the names of "all the parties" in the

caption; and (b) state a party's claims in sequentially "numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10. Plaintiff's complaint is subject to dismissal on this basis alone. *See Martinez v. Davey*, No. 16-cv-1658-AWI-MJS (PC), 2018 WL 898153, at *5 (E.D. Cal. Feb. 15, 2018) (dismissing, among other reasons, because "Plaintiff makes allegations against numerous non-party individuals not named in the caption of the complaint" in violation of Rule 10(a)). The caption of Plaintiff's amended complaint contains only the names of the John Doe/Jane Doe Warden defendants. (ECF No. 12 at 1.)

**Federal Rules of Civil Procedure 18 and 20**

Plaintiff alleges multiple claims against multiple defendants, and it is not clear that such claims are related. Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997). The "same transaction" requirement refers to similarity in the factual background of a claim. *Id.* at 1349. Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

As with his original complaint, Plaintiff's amended complaint appears to contain unrelated claims against unrelated parties. For instance, Plaintiff cannot complain about deliberate indifference to medical care by one set of defendants at one facility while simultaneously complaining about retaliation by another defendant at a different facility. Plaintiff also may not bring claims against defendants at different correctional facilities in the same action.

**Linkage Requirement**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the

> party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Here, Plaintiff's amended complaint fails to adequately link any of the John Doe/Jane Doe Warden defendants to a deprivation alleged to have been suffered by Plaintiff. Indeed, Plaintiff's amended complaint does not include any factual allegations naming any of the John Doe/Jane Doe Warden defendants. Plaintiff's general reference to "defendants" is not sufficient to state a claim against the John Doe/Jane Doe Warden defendants.

**Supervisory Liability**

Insofar as Plaintiff is attempting to sue the John Doe/Jane Doe Warden defendants based solely upon their supervisory roles, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676–77; *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir.2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr v. Baca*, 652 F.3d 1202, 1205–06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009). Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by *Farmer v. Brennan*, 511 U.S. 825 (1970).

Supervisory liability may not be imposed against the John Doe/Jane Doe Warden defendants for the actions of medical doctors or correctional officers at Corcoran State Prison, Valley State Prison, Folsom State Prison, or Wasco State Prison. Plaintiff has not adequately alleged that the supervisory defendants participated in or directed any of the alleged violations or implemented a policy so deficient that it was the moving force of any constitutional violation. Plaintiff fails to include any factual allegations involving prison policies or linking the actions of the supervisory defendants to any deprivation of Plaintiff's rights.

**Eighth Amendment – Medical Care**

A prisoner's claim of inadequate medical care constitutes cruel and unusual punishment in violation of the Eighth Amendment where the mistreatment rises to the level of "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096.

A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Deliberate indifference is a high legal standard," *Simmons v. Navajo Cty. Ariz.*, 609 F.3d 1011, 1019 (9th Cir. 2010); *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. *Jett*, 439 F.3d at 1096. In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105–06). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

Further, a "difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012) (citing *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989)), overruled in part on other grounds, *Peralta v. Dillard*, 744 F.3d 1076, 1082–83 (9th Cir. 2014); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122–23 (9th Cir. 2012) (citing *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." *Snow*, 681 F.3d at 988 (citing *Jackson*, 90 F.3d at 332) (internal quotation marks omitted).

Plaintiff's amended complaint fails to state a cognizable claim for deliberate indifference to serious medical needs against any of the named defendants. As noted above, Plaintiff fails to link the named John Doe/Jane Doe Warden defendants to any of the factual allegations or alleged deprivation of his rights. To the extent Plaintiff is attempting to bring claims against the prison doctors, his allegations suggest either a difference of opinion between medical professionals or a difference of opinion between Plaintiff and medical professionals, including Dr. Mathur, regarding the need for therapeutic injections, a cane or vest, and the appropriate course of treatment. A difference of opinion regarding the appropriate course of treatment does not amount to deliberate indifference. Further, Plaintiff's assertions of medical malpractice against Dr. Mathur in Claim 2 are not sufficient to support an Eighth Amendment deliberate indifference claim.

**First Amendment - Retaliation**

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that

such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005); *accord Watison v. Carter*, 668 F.3d 1108, 1114-15 (9th Cir. 2012); *Silva*, 658 at 1104; *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009).

In order to state a retaliation claim, a plaintiff must plead facts which suggest that retaliation for the exercise of protected conduct was the "substantial" or "motivating" factor behind the defendant's conduct. *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989) (citation omitted). Mere allegations of retaliatory motive or conduct will not suffice, and not every allegedly adverse action will support a retaliation claim. *See Huskey v. City of San Jose*, 204 F.3d 893, 899 (9th Cir. 2000) (retaliation claim cannot rest on "the logical fallacy of *post hoc, ergo propter hoc*, literally, 'after this, therefore because of this'") (citation omitted)). In addition, the plaintiff must also plead facts which suggest an absence of legitimate correctional goals for the conduct he contends was retaliatory. *Rizzo*, 778 F.2d at 532.

Plaintiff's amended complaint does not state a cognizable retaliation claim against the John Doe/Jane Doe Warden defendants. As discussed, Plaintiff does not include factual allegations linking the named defendants to any alleged deprivation of his rights. Plaintiff appears to allege that Dr. Mathur took Plaintiff's walking cane because Plaintiff filed a 602 appeal against Dr. Mathur. However, Plaintiff fails to allege that any such action did not reasonably advance a legitimate correctional goal. According to the exhibits attached to the amended complaint, Plaintiff did not meet the medical necessity criteria for a cane. On February 19, 2026, the date Plaintiff alleges that Dr. Mathur took his walking cane, an evaluation of Plaintiff revealed that he was able to ambulate at a normal pace unassisted, his gait was non-ataxic, he had no pain behavior with ambulation in the clinic hallway, and no pain behavior with changing station unassisted from standing to seated position and vice versa. (ECF No. 12 at 12, 17-18.) Plaintiff's additional allegation that Dr. Mathur had medical correctional staff at a different facility take Plaintiff's associated vest is, at best, conclusory and based on speculation. Plaintiff's allegation is not sufficient to state a deliberate indifference claim that is plausible on its face.

**Discrimination**

In order to state a § 1983 claim based on a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must allege that defendants acted with intentional discrimination against plaintiff, or against a class of inmates which included plaintiff, and that such conduct did not relate to a legitimate penological purpose. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (holding that equal protection claims may be brought by a "class of one"); *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736, 740 (9th Cir. 2000); *Barren v. Harrington,* 152 F.3d 1193, 1194 (9th Cir. 1998) ("To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class."); *Federal Deposit Ins. Corp. v. Henderson*, 940 F.2d 465, 471 (9th Cir. 1991); *Lowe v. City of Monrovia*, 775 F.2d 998, 1010 (9th Cir. 1985).

Plaintiff's amended complaint fails to state a cognizable claim of discrimination based on race. Plaintiff does not allege that any of the named John Doe/Jane Doe Warden defendants acted with intentional discrimination against him or a class of inmates that included him and such conduct did not relate to a legitimate penological purpose. Instead, Plaintiff alleges that he had to get naked going through work exchange because he does not use a wheelchair. There is nothing in Plaintiff's allegations to suggest that any defendant forced Plaintiff to get naked going through work exchange because of his race. Plaintiff's conclusory allegation of racism is not sufficient to state a cognizable claim.

**State Law Claims**

To the extent Plaintiff is attempting to bring any claim against defendants under state law, such as malpractice, Plaintiff has failed to allege compliance with the claim presentation requirements of the Government Claims Act. California's Government Claims Act[1] requires that

[1] This Act was formerly known as the California Tort Claims Act. *City of Stockton v. Superior Court*, 42 Cal. 4th 730, 741–42 (Cal. 2007) (adopting the practice of using Government Claims Act rather than California Tort Claims Act).

a claim against the State or its employees[2] "relating to a cause of action for death or for injury to person" be presented to the Department of General Services' Government Claims Program no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950–950.2. Presentation of a written claim, and action on or rejection of the claim, are conditions precedent to suit. *State v. Super. Ct. of Kings Cty. (Bodde)*, 32 Cal. 4th 1234, 1245 (Cal. 2004); *Mangold v. Cal. Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public entity or employee, a plaintiff must allege compliance with the Government Claims Act. *Bodde*, 32 Cal. 4th at 1245; *Mangold*, 67 F.3d at 1477; *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988). Plaintiff has not alleged compliance with the claim presentation requirements of the Government Claims Act.

**Leave to Amend**

Plaintiff's complaint fails to comply with Federal Rules of Civil Procedure 10, 18, and 20 and fails to state a cognizable claim for relief. Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the deficiencies in his complaint. Further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

**III. Motion for Injunctive Relief**

Plaintiff seeks an order for emergency relief for therapeutic injection for spine pain, ice packs, back brace, a walker, and mattress padding. (ECF No. 13.) Plaintiff contends he is pain every day no matter what he does due to having surgery for his spinal cord by Doctor Ersno Dromo. He further contends the doctor who performed his surgery knew of his persistent, agonizing back pain, and defendants are aware of it. (*Id.* at 2.)

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his

---

[2] "'State' means the State and any office, officer, department, division, bureau, board, commission or agency of the State claims against which are paid by warrants drawn by the Controller." Cal. Gov't Code § 900.6.

favor, and that an injunction is in the public interest." *Id.* at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. *Id.* at 22 (citation omitted).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. *City of L.A. v. Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Id.* Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Furthermore, the pendency of this action does not give the Court jurisdiction over prison officials in general. *Summers v. Earth Island Inst.*, 555 U.S. 488, 491–93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. *Summers*, 555 U.S. at 491−93; *Mayfield*, 599 F.3d at 969.

Plaintiff has not met the requirements for the injunctive relief he seeks in this motion. Plaintiff's first amended complaint fails to state a cognizable claim for relief. As such, this action does not proceed on any viable legal claims, and no defendant has been ordered served or made an appearance. Thus, the Court lacks personal jurisdiction over the John Doe/Jane Doe Warden defendants.

**IV. Conclusion and Recommendation**

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a district judge to this action. Furthermore, it is HEREBY RECOMMENDED that:

1. This action be dismissed based on Plaintiff's failure to state a cognizable claim for relief.

2. Plaintiff's motion for injunctive relief (ECF No. 13) be denied.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections.** Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 2, 2026**

/s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE